IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DOUGLAS L. BURTON | § | |
| | § | |
| V. | § | A-09-CA-298-LY |
| | § | |
| TEXAS PARKS AND WILDLIFE | § | |
| DEPARTMENT; CARTER SMITH, | § | |
| EXECUTIVE DIRECTOR, TEXAS | § | |
| PARKS AND WILDLIFE DEPARTMENT; | § | |
| AL BINGHAM, DIRECTOR OF HUMAN | § | |
| RESOURCES, TEXAS PARKS AND | § | |
| WILDLIFE DEPARTMENT | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1) and Motion to Appointment of Counsel (Clerk's Doc. No. 2), both filed April 20, 2009. The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. BACKGROUND**

Plaintiff Douglass Burton filed the instant discrimination lawsuit against the Texas Parks and Wildlife Department ("TPWD") and TPWD's executive director and director of human services after TPWD failed to interview or hire him for any of the seven positions he applied for between April 10, 2008 and September 10, 2008. Plaintiff alleges that he was denied a position due to his age, in

violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), codified at 29 U.S.C. § 621 *et seq*. Specifically, Plaintiff claims that the TPWD's requirement that applicants submit a PWD-1039-H0800 form with a job application allows the department to discriminate on the basis of age because this form includes a blank for the applicant's date of birth. Plaintiff further alleges that the TPWD employees in charge of hiring for these positions interviewed or hired individuals that were less qualified either by education or experience than Plaintiff.[1] Plaintiff seeks damages in the amount of $3.3 million ($2,800,000 for punitive damages and $500,000 for emotional distress), as well as prospective injunctive relief.

## II. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Under 28 U.S.C. § 1915, a court may authorize the commencement of a civil action without pre-payment of court fees if the litigant submits an affidavit that lists his assets and states that he is unable to pay such fees. 28 U.S.C. § 1915(a)(1). There is, however, no absolute right to proceed *in forma pauperis* in the federal courts. *Carter v. Thomas*, 527 F.2d 1332, 1333 (5th Cir. 1976). Although a court may allow an indigent litigant to proceed without paying the initial filing fees and court costs, § 1915(e), as a precaution against abusive, malicious and frivolous lawsuits, authorizes federal courts to dismiss a claim filed *in forma pauperis* "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

After considering Plaintiff's financial affidavit the Court finds that Plaintiff is indigent. Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status and ORDERS his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28

---

[1] Plaintiff does not give specific examples of any such individuals who were interviewed or hired for these positions.

U.S.C. § 1915(a)(1). The Court FURTHER ORDERS the Clerk to issue summons in this case and ORDERS the United States Marshal's Service to attempt service in this case without pre-payment of a service fee.

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under 28 U.S.C. §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous . . . ."

### A. Standard of Review

"A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or in fact." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the defendants are clearly immune from suit or if the complaint alleges the violation of a legal interest that clearly does not exist." *Id.* (internal quotation marks omitted). Further, section 1915(e) explicitly permits the dismissal of a complaint filed IFP if it fails to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), or seeks monetary relief against a defendant who is immune from such relief, *id.* at § 1915(e)(2)(B)(iii).

### B. Sovereign Immunity

"The Eleventh Amendment jurisdictionally bars a suit in federal court by a private individual against an unconsenting state—absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment—regardless of the relief sought by the plaintiff." *State of Texas, et al. v. Walker, M.D.*, 142 F.3d 813, 820 (5th Cir. 1998), *cert. denied*, 525 U.S. 1102 (1999). The Eleventh Amendment also bars suits in federal court by citizens of a

state against a state agency or department. *Richardson v. Southern University*, 118 F.3d 450, 452 (5th Cir. 1997), *cert. denied*, 522 U.S. 1078 (1998). In addition, state employees who work in a state agency and commit acts in their official capacities are also shielded by sovereign immunity. *Whitehead v. University of Texas*, 854 S.W.2d 175, 180 (Tex. App.—San Antonio 1993, no writ). However, the Eleventh Amendment does not bar suits against state officials in their official capacities for injunctive relief. *See Ex parte Young*, 28 S.Ct. 441 (1908); *AT&T v. BellSouth Telecommunications Inc.*, 238 F.3d 636, 647 (5th Cir. 2001).

Texas Parks and Wildlife Department is a state agency and thus "an arm of the state" entitled to Eleventh Amendment immunity. *Correa v. City of Bay City*, 981 F. Supp. 477, 479 (S.D. Tex. 1997). Defendants therefore enjoy immunity from suit unless Congress expressly and validly abrogated the same by statute. In *Kimel v. Florida Bd. of Regents*, 120 S.Ct. 631, 650 (2000), the United States Supreme Court held that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under the ADEA. In light of this holding, Plaintiff's claims for money damages against TPWD, a state entity, and against the individual state officials are barred by the Eleventh Amendment. Accordingly, the undersigned RECOMMENDS that the District Court DISMISS Plaintiff's claims for monetary relief from this lawsuit.

**C.      Prospective Injunctive Relief**

The Court will next consider Plaintiff's claims for prospective injunctive relief. In Plaintiff's Complaint, Plaintiff states that he wants the Court to direct Defendants to cease the requirement that applicants have to turn in form PWD-1039-H0800 with their original applications for employment (excepting applications for law enforcement positions with age restrictions). Under the *Ex parte Young* doctrine, a private party may sue individual state officers in federal court to obtain prospective injunctive relief from an ongoing violation of federal law. *See Ex parte Young*, 28 S.Ct. 441 (1908);

*AT&T v. BellSouth Telecommunications Inc.*, 238 F.3d 636, 647 (5th Cir. 2001). Here, Plaintiff has alleged an ongoing violation of federal law and a claim for injunctive relief. Thus, while Plaintiff's claims for monetary damages are barred under the Eleventh Amendment, Plaintiff may pursue his claim for prospective injunctive relief under *Ex parte Young*. Accordingly, the Court does not believe his claims for prospective injunctive relief against the individual state officers in their official capacities should be dismissed as meritless at this point.[2]

### III. APPOINTMENT OF COUNSEL

In addition to seeking IFP status, Plaintiff requests appointment of counsel in order to proceed with his employment discrimination action under the ADEA.

Unlike Title VII cases, courts do not "appoint" counsel in ADEA cases. *DiAngelo v. Illinois Dep't of Public Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989). Rather, under § 1915(e), the court may *request* an attorney to represent impoverished litigants. *See* 28 U.S.C. § 1915(e)(1); *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 302 (1989); *DiAngelo*, 891 F.2d at 1262. There is, however, no automatic right to the appointment of counsel. *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990). "Rather, the decision whether to appoint counsel rests within the sound discretion of the trial court." *Id*.

In determining whether a plaintiff's request for counsel should be granted, the court considers the following factors: (1) the plaintiff's financial ability to retain counsel, (2) the efforts taken by the plaintiff to obtain counsel, and (3) the merits of plaintiff's claim. *See Gonzalez*, 907 F.2d at 580. Courts also consider the plaintiff's ability under the circumstances of the case to present the case without the assistance of an attorney. *Poindexter v. FBI*, 737 F.2d 1173, 1189 (D.C. Cir. 1984), *cert. denied*, 107 S. Ct. 911 (1987); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Young v.*

---

[2]The Court cautions Plaintiff that, although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court against him at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

*K-Mart Corp.*, 911 F. Supp. 210, 211 (E.D. Va. 1996); *Maxwell v. Kight*, 974 F. Supp. 899, 902 n. 2 (E.D. Tex. 1996).

A.     **Plaintiff's Financial Ability**

Based upon the financial affidavit filed with this Court, the Court has granted Plaintiff *in forma pauperis* status. However, Plaintiff has not explained how his financial status would interfere with his ability to retain private counsel under a contingency fee arrangement.

B.     **Plaintiff's Efforts to Retain Counsel**

To be eligible for appointed counsel, plaintiff must make "a reasonably diligent effort under the circumstances to obtain counsel." *Johnson v. City of Port Arthur*, 892 F.Supp. 835, 840 (E.D. Tex. 1995) (internal quotation marks omitted). In his Request for Appointment of Counsel, Plaintiff indicates that he contacted four private attorneys to represent him in this matter. None of these attorneys agreed to represent him. Plaintiff also contacted a legal aid association and a lawyer referral service. All of the attorneys to whom Plaintiff was referred declined to represent him. From this, it appears that the Plaintiff has been reasonably diligent in his efforts to retain counsel.

C.     **Merits of the Case**

The examination of the potential merits of the case is extremely important, "considering the unfairness of imposing service upon a member of the bar in a patently frivolous case." *Lee*, 882 F.Supp. at 594. This sort of review "is akin to a frivolousness review of a general *in forma pauperis* proceeding" pursuant to 28 U.S.C. § 1915 (d). *Id*. Frivolous suits are those without an arguable basis in law or in fact. *Id*. Therefore, the duty to screen for frivolousness includes (1) a determination of whether the case is based on a recognized legal theory, and (2) an initial assessment of the plaintiff's factual allegations in light of what plaintiff must eventually prove at trial. *Id*. The plaintiff's complaint is to be construed liberally when the plaintiff is *pro se*. *Id*.

To establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must show (1) that he was over the age of forty when the discrimination occurred; (2) that he was qualified for the position; (3) that he suffered an adverse employment action; and, (4) that he was treated less favorably than similarly situated younger employees. *See Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003), *cert. granted*, 124 S.Ct. 1724 (2004); *Evans v. City of Houston*, 246 F.3d 344, 350 (5th Cir. 2001). Plaintiff, who was over 50 years old at the time he applied for several positions at TPWD, alleges that he was qualified for one of the several positions he applied for, that he was not interviewed or hired for any of these positions, and that other younger less qualified applicants were interviewed or hired. He further alleges that (1) TPWD knew his age because of their requirement that he turn in a completed form PWD-1039-H0800 when he applied; and (2) no other State of Texas departments require applicants to disclose their age at the time their application is filed.

These factual allegations, viewed in the light most favorable to the Plaintiff, are sufficient to state a claim of discrimination under the ADEA, and thus the case is not "patently frivolous." This does not mean, however, that the claim is meritorious, or even likely to succeed. It means only that Plaintiff has alleged enough facts to get into court. Without more, the Court is unable to ascertain whether the case has sufficient potential merit to support appointment of counsel.

**D.     Plaintiff's Ability to Present his Own Case**

Upon reviewing the Complaint, the Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. Plaintiff is a 54-year-old individual with at least some college education. Thus far, Plaintiff's writing skills appear quite adequate to pursue his case. The Court therefore finds that Plaintiff is capable of adequately presenting his case without counsel. *See Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986).

E.  Conclusion

Given the Court's inability at this early stage of the case to make a full examination of the merits of Plaintiff's case, and given Plaintiff's demonstrated ability to proceed *pro se*, at this time it would be inappropriate to impose on an attorney involuntarily the obligation to represent the Plaintiff at no cost. It is possible that with more developed facts the case could warrant appointment, however, and thus the Plaintiff may seek appointment in the future should the case warrant. For these reasons, Plaintiff's Request for Appointment of Counsel (Clerk's Doc. No. 2) is DENIED.

## IV. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's claims for monetary relief pursuant to 28 U.S.C. § 1915(e)(2)(iii).[3] However, the undersigned believes Plaintiff's claims for prospective injunctive relief should not be dismissed at this point.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

---

[3] 28 U.S.C. § 1915(e)(2)(iii) (court shall dismiss claims seeking monetary relief against a defendant who is immune from such relief).

District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 1st day of May, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE